IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN E. KNUDSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 08-3443-CV-S-JTM |
| ) | |
| v. ) | |
| ) | |
| SYSTEMS PAINTERS & ) | |
| DRYWALL, LP, ) | |
| SYSTEMS PAINTERS, INC., and ) | |
| SYSTEMS PAINTERS & ) | |
| DRYWALL II, LP D/B/A SYSTEMS ) | |
| PAINTERS & DRYWALL, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Systems Painters & Drywall, LP, Systems Painters, Inc. and Systems Painters & Drywall II, LP d/b/a Systems Painters & Drywall (hereinafter collectively referred to as "Systems Painters"), by and through counsel, remove this action from the Circuit Court of Christian County, Missouri to the United States District Court for the Western District of Missouri – Southern Division. As grounds for removal, Systems Painters states as follows:

I.  BACKGROUND

1. On or around July 1, 2008, Plaintiff John E. Knudson filed his Petition against these defendants and his former employer, Randy Long, in Christian County, Missouri. That case was styled as <u>John Knudson v. Systems Painters, et al</u>, Case No. 08CT-CV00689.

2. On November 5, 2008, the Circuit Court of Christian County sustained former defendant Randy Long's motion to dismiss for lack of jurisdiction, which was based upon Missouri's workers compensation exclusivity law. (Exhibit A, Journal Entry).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Systems Painters in this action are attached hereto as Exhibit "B".

## II. GROUNDS FOR REMOVAL

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), which provides for original jurisdiction in the district courts of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties.

## III. THIS NOTICE OF REMOVAL IS TIMELY

5. This Notice of Removal is filed with this Court within thirty (30) days after Systems Painters received a copy of the November 5, 2008 journal entry, from which Systems Painters was first able to ascertain that complete diversity of citizenship exists in this case.

6. This Notice of Removal is filed with this Court within thirty days after Systems Painters received information pertaining to the potential value of Plaintiffs claims, through workers compensation records attached as Exhibit "C", which were received on or around November 13, 2008, as evidenced by the cover letter attached with that exhibit.

7. Accordingly, this action is being timely removed in accordance with 28 U.S.C. § 1446(b).

## IV. THE REMAINING PARTIES ARE COMPLETELY DIVERSE

8. Plaintiff John E. Knudson is a Missouri resident, presently living in Forsyth, Taney County, Missouri. (Petition, ¶ 1, which is included in Exhibit B).

9. Defendants Systems Painters and Drywall II, L.P. and Systems Painters & Drywall, L.P. are Texas Limited Partnerships. Defendant Systems Painters, Inc. was converted into

Defendant Systems Painters & Drywall, L.P. in 2003 and is no longer an independent entity. (Petition, ¶¶ 2-6; Exhibit D, printouts from the Texas Secretary of State website).

10. To the extent any of these Defendants could be considered separate defendants, they jointly, through counsel, consent to this case's removal to federal court.

11. Accordingly, pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties remaining in this action and there is consent among the defendants.

## V. THE JURISDICTIONAL AMOUNT OF DAMAGES IN CONTROVERSY IS MET[1]

12. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

13. In this case, Plaintiff alleges that Defendant Systems Painters caused him

> ... to sustain severe, permanent and disabling injury to his lungs resulting in a severe loss of lung capacity and therefore, his ability to oxygenate various organs of his body has been severely and permanently damaged, all of which has resulted in Plaintiff John E. Knudson being rendered permanently and totally disabled from any gainful employment.

(Petition, ¶ 22).

14. Plaintiff's lost wage claim exceeds the jurisdictional amount, as discussed further below. In addition, Plaintiff Knudson has not yet fully responded to Systems Painters' discovery request for invoices and bills from the medical allegations but those materials will add even more to the jurisdictional amount in controversy. (See Exhibit E, Plaintiff's Responses to Defendants Systems Painters & Drywall, et al. First Requests for Production to Plaintiff John E. Knudson, Response to Request # 5).

---

[1] Defendants Systems Painters, et al. specifically deny any liability for Plaintiff's alleged damages. The dollar amounts presented in this brief are to illustrate the amount that Plaintiff claims is in controversy in this case although they are not intended to be admissions from Systems Painters as to their validity or their causal relation to plaintiff's allegations.

3

A. <u>Workers Compensation Records – Lost wage claim</u>

15. Plaintiff John Knudson has filed a workers compensation claim based upon the same or similar circumstances as those pled in his Petition in this case. (Exhibit C). In that workers compensation case, claimant Knudson seeks to recover lost wages in the amount of $519 per week, starting from "on or about the last two weeks in December 2004 [sic]". (Exhibit C).

16. The amount of $519 per week, assuming no overtime wages, translates into $25,950 per year, with a fifty week working year.

17. Plaintiff Knudson's claim allegedly arose between December 2003 and February 2004. Even if the statement in the workers compensation file that he is seeking lost wages from "on or about the last two weeks in December 2004" is accurate, he is claiming to have been permanently precluded from working for nearly four years. Claiming $25,950 per year, Plaintiff is seeking $103,800 in past lost wages through 2008.

18. Plaintiff was born in 1954. (Exhibit F, Plaintiff's Responses to Systems Painters, et al First Interrogatories to Plaintiff Knudson, Response to Interrogatory 2). Presently, plaintiff Knudson is 54 years of age. It can be fairly understood that Plaintiff Knudson seeks to recover for time allegedly lost from gainful employment for at least the next ten years, until he reaches the age of 65 years of age. (See, Petition ¶ 22). Using his claimed $25,950, even without an annual increase, Plaintiff can be understood to be claiming $259,500 in future lost income.

19. Accordingly, the amount in controversy exceeds the jurisdictional requirement.

4
Case 6:08-cv-03443-JTM   Document 1   Filed 12/04/08   Page 4 of 6

B. Medical Records and Pain and Suffering

20. Plaintiff Knudson alleges he has "been required to undergo reasonable and necessary medical care and treatment for his lungs and will ever require the same in the future." (Petition, ¶ 22).

21. In addition, Plaintiff alleges that he "has suffered, and will ever suffer, both pain and mental anguish and in addition to that, has been caused to lose time from his gainful employment in an amount to be determined and further, that [he] has been caused to lose the ability to work, labor and to enjoy the ordinary pursuits of life." (Petition, ¶ 22).

22. The medical records and alleged pain and suffering will further increase the amount in controversy, which is already in excess of $75,000 through Plaintiff's alleged lost income.

23. Accordingly, it is clear that the amount in controversy in this case is in excess of $75,000, without considering interest and costs.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed in the Circuit Court of Christian County, Missouri, to effect removal of this case to the United States District Court, and Defendant Systems Painters is providing Plaintiff with written notice of the filing of this Notice of Removal.

25. Accordingly, Defendant Systems Painters may remove this entire action to this Court as of right pursuant to 28 U.S.C. § 1441.

THEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, Defendant Systems Painters gives notice that it removes the above captioned case to the United States District Court for the Western District of Missouri.

5

Respectfully submitted,

/s/ Christopher B. Turney

Christopher B. Turney   MO #54079
Clayton E. Dickey       MO #41269
RASMUSSEN, WILLIS, DICKEY & MOORE, L.L.C.
9200 Ward Parkway, Suite 310
Kansas City, Missouri 64114
Telephone: (816) 960-1611
Facsimile: (816) 360-1769
Attorneys for Defendants Systems Painters

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2008, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Robert M.N. Palmer
The Law Offices of Palmer Oliver, P.C.
The Holland Building
205 Park Central East, Suite 511
Springfield, MO 65806
P: 417-865-3234
F: 417-865-1698
-and-
Thomas C. DeVoto
DeVoto & Benbenek, L.L.C.
7646 Watson Road
St. Louis, MO 63119
P: 314-961-0330
F: 314-963-7754
**Attorneys for Plaintiff**

/s/ Christopher B. Turney
Christopher B. Turney